UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FREDDIE BILLS,

        Petitioner,

v.                                        Case No. 2:04-cv-116
                                        HON. R. ALLAN EDGAR

BARBARA BOUCHARD,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

        Petitioner Freddie Bills filed this petition for writ of habeas corpus challenging the validity of his prison misconduct conviction for threatening behavior. Petitioner claims that he should have received documents which could have helped support his defense to the misconduct charge and that the facts did not support the charged offense. Petitioner was found guilty after a hearing. His request for a rehearing was denied. Petitioner filed a petition for judicial review with the Ingham County Circuit Court that was dismissed on October 17, 2003, for failing to pay the filing fee.

        Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously

or incorrectly." *Id.* at 412.  Rather, the application must also be "unreasonable."  *Id.*  Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable.  *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)).  Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

   The AEDPA requires heightened respect for state factual findings.  *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998).  The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness.  This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990).  Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct.  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

   It appears that Petitioner never appealed the denial of his petition for judicial review. Accordingly, in the opinion of the undersigned, Petitioner failed to exhaust his state court remedies. Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a Petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4,

6 (1982)).  To fulfill the exhaustion requirement, a Petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  It appears that Petitioner failed to present his case to the Michigan appellate courts.  In the opinion of the undersigned, the case should be dismissed for failure to exhaust.

Further, Petitioner is not entitled to habeas relief because his misconduct hearing did not violate the constitution.  A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law.  *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).  Under Michigan law a prisoner is entitled to notice of a hearing, and the opportunity to present evidence and arguments.  M.C.L. § 791.252.  A hearing officer is not bound by state or federal evidentiary rules, but rather may consider "evidence of the type commonly relied upon by reasonably prudent persons in the conduct of their affairs."  *Id.*  Further, a hearing officer may deny a prisoner access to evidence that may pose a security concern if disclosed.  *Id.*  Petitioner has failed to show that his constitutional rights were violated at his misconduct hearing.

Moreover, the hearing officer's conclusion that Petitioner was guilty of the misconduct charge was supported by the record.

EVIDENCE/STATEMENTS IN ADDITION TO MISCONDUCT REPORT:

Misconduct report, investigator report, and prisoner's statement read to the prisoner.  At the hearing the prisoner brought in a statement

which was accepted and read.  Prisoner had nothing to add to the record when asked other than to state, "No, other than I'm not guilty."  Prisoner was informed of the decision and sanction prior to leaving the hearings room.

REASON FOR FINDING:

DOCUMENTS:   Prisoner wanted grievances and a minor misconduct.  The grievances are not necessary as no one is disputing prisoner's assertion that he has filed numerous grievances against the officer - it is not necessary to prove that what is not in dispute.  Prisoner failed to establish why a minor misconduct two days prior to the incident is either relevant or necessary.  No error in not providing.

NAME:   Prisoner pointed out that the officer called him 'Bill' instead of 'Bills.'  This error is harmless - the officer correctly called the prisoner 'Bills' three other times in the misconduct report.  There is no question that the prisoner in major court is the prisoner named in the misconduct report.

THREAT:   On 4/22/03 the prisoner stated to the officer, "Anywhere else, Stasewich, and you would be dead.  I mean I would or I would have someone else take you out."  This statement expressed the intent to physically assault the officer.  Prisoner intended to cause fear of physical harm in the officer as he directed his comment to the officer when the officer was standing at the prisoner's cell front.  Prisoner claims that "this allegations is merely complainant's reactions to my numerous MDOC grievances regarding his conduct."  Whether a reaction or not, there is little doubt that the prisoner had made the comments as claimed by the officer.  First, the prisoner did not present his claims in a credible manner.  He gave no facts as to what did happen, unlike the officer.  Second, the fact that the prisoner has filed numerous grievances against the officer would be indicative of some negativity in regards to the officer - which also would be consistent with the officer's claims.   Officer factual and credible in his claims.  Charge upheld.

It is clear that Petitioner received due process of law, and that he cannot support any claim that his constitutional rights were violated during the misconduct hearing.  Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence

when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445 (1985). Petitioner has failed to show that his constitutional rights were denied. Petitioner received due process and sufficient evidence supported his misconduct guilty finding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on procedural grounds of failure to exhaust state law remedies. Under *Slack*, 529 U.S. at 484, when a

habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed for failure to exhaust. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*   Moreover, Petitioner received due process and no constitutional rights was violated during his misconduct hearing. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

        NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


                                 /s/ Timothy P. Greeley
                                TIMOTHY P. GREELEY
                                UNITED STATES MAGISTRATE JUDGE

Dated:  November 20, 2006